UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                      Case No. 1:09-cr-225

v                                                    HON. JANET T. NEFF

JESUS ROBERTO BALBOA-
GALLARDO,

    Defendant-Movant.
_____/

## OPINION

Pending before this Court is Jesus Roberto Balboa-Gallardo's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on December 21, 2009. For the following reasons, the motion is denied.

### I. BACKGROUND

Jesus Roberto Balboa-Gallardo is a citizen of Mexico with a lengthy criminal history, including a prior conviction of the aggravated felony of home invasion, for which he was sentenced to a term of 12 months' imprisonment and then deported. An Indictment filed August 6, 2009 charged him with illegal reentry of the United States after his deportation subsequent to an aggravated felony offense in violation of 8 U.S.C. § 1326(a), (b)(2); 8 U.S.C. § 1101(a)(43)(G). On September 14, 2009, Balboa-Gallardo entered a guilty plea before a magistrate judge to the charge against him (Dkt 24). This Court accepted the plea on September 30, 2009 and ordered the preparation of a presentence report (Dkt 25).

At sentencing on December 21, 2009, the Court denied Balboa-Gallardo a two-point sentence adjustment for acceptance of responsibility pursuant to United States Sentencing Guideline

(U.S.S.G.) § 3E1.1(a) based on Balboa-Gallardo's refusal to speak with the probation officer who was preparing his presentence report. The Court determined that his guilty plea was alone insufficient for the offense level reduction (Dkt 36, Sent. Tr. at 9). The Court sentenced Balboa-Gallardo to 120 months in prison, 3 years on supervised release, and a special assessment of $100.00. Judgment was entered on December 29, 2009 (Dkt 33). That same day, Balboa-Gallardo filed a Notice of Appeal (Dkt 34). On March 28, 2011, the Sixth Circuit Court of Appeals issued its Opinion, affirming this Court's Judgment (Dkt 37). The Court of Appeals determined that compelling evidence supported the Court's finding that Balboa-Gallardo did not accept responsibility for the crime he committed (*id.*).

On November 30, 2011, Balboa-Gallardo filed this § 2255 motion, challenging the effectiveness of the assistance he received from counsel (Dkt 39). The government filed a response to the motion (Dkt 41), and Balboa-Gallardo filed a reply (Dkt 43).

## II.  ANALYSIS

### A.  Section 2255 Motion

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the errors of which he complains, or (2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro,* 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)).

For the reasons stated *infra,* the files and records in this case conclusively show that Balboa-Gallardo is entitled to no relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

### B. Ineffective-Assistance-of-Counsel Claim

Balboa-Gallardo makes two arguments in support of his claim that he was rendered ineffective assistance of counsel. Each argument is reviewed under the two-prong test from

*Strickland v. Washington*, 466 U.S. 668 (1984), which the Supreme Court established to evaluate ineffective-assistance-of-counsel claims.

To establish ineffective assistance of counsel, a movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. The movant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's performance was outside that range, the movant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691.

When an ineffective-assistance-of-counsel allegation is raised in the context of a plea process, the second prong or "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant must show a reasonable probability that, but for counsel's errors, he would have insisted on going to trial. *Id.* (emphasis added).

To evaluate a claim of ineffective assistance of appellate counsel, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011) (citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008)). Counsel's failure to raise an

issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.* If a reasonable probability exists that the movant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id.*

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland,* 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland,* 466 U.S. at 697.

1.   *Appellate Counsel*

Balboa-Gallardo first argues that his appellate counsel was ineffective in failing to challenge on appeal the enhancement to his sentence based upon his prior conviction under Michigan law for second-degree home invasion (Dkt 39 at 4; Dkt 40 at 3-5). Balboa-Gallardo asserts that his home invasion conviction, which only exposed him to a 2-year probation term and a 1-year term in the county jail, is not a qualifying felony conviction (Dkt 40 at 3, citing *Carachuri-Rosendo v. Holder*, ___ U.S. ___; 130 S. Ct. 2577 (2010)).

Balboa-Gallardo's argument does not entitle him to relief under 28 U.S.C. § 2255.

Section 2L1.2 of the applicable version of the Sentencing Guidelines mandates a sixteen-level enhancement for defendants unlawfully in the United States after deportation following a felony conviction for a crime of violence. U.S.S.G. § 2L1.2 ("Unlawfully Entering or Remaining in the United States"). A felony, in turn, is defined as a crime for which the "maximum term of

5

imprisonment authorized" is more than one year. 18 U.S.C. § 3559. Balboa-Gallardo's conviction for second-degree home invasion is a felony, punishable by imprisonment for not more than 15 years, or a fine of not more than $3,000, or both. MICH. COMP. LAWS § 750.110a(6). Accordingly, the conviction constituted a "felony" for purposes of sentence enhancement. *See also United States v. Horton*, 163 F. App'x 378, 381-82 (6th Cir. 2006) ("[I]n Michigan, home invasion of the first and second degrees are functional equivalents of common-law burglary and fall within the definition of a 'crime of violence'").

Contrary to Balboa-Gallardo's argument, the amount of time he may have actually served is irrelevant to this analysis. Further, his reliance on the decision in *Carachuri-Rosendo*, a case concerning a second or subsequent simple drug-possession conviction, is simply misplaced. *See Carachuri-Rosendo,* 130 S. Ct. at 2586 (rejecting the lower court's "hypothetical approach," which reasoned that, because the conduct could have been prosecuted as a recidivist simple possession under state law, it could have also been punished as a felony under federal law).

Because there is no possibility that inclusion of this issue would have changed the result of Balboa-Gallardo's appeal to the Sixth Circuit, Balboa-Gallardo has not demonstrated that he received ineffective assistance from his appellate counsel. Balboa-Gallardo's ineffective-assistance-of-appellate-counsel argument fails and does not entitle him to relief under § 2255.

2.   *Trial Counsel*

Balboa-Gallardo next argues that his trial counsel was ineffective in failing to advise him of the immigration consequences of his guilty plea, i.e., that he would be deported (Dkt 39 at 5; Dkt 40 at 6-7). However, as the government points out, Balboa-Gallardo was advised at both his arraignment and plea hearing of the penalties he faced, including the penalty of deportation (Dkt 41

6

at 5-6). Further, Balboa-Gallardo was provided with a penalty sheet at both proceedings, which set forth that one of the potential consequences of a conviction of the charge was deportation (*id.*).

During the plea hearing, the magistrate judge stated the following:

THE COURT: The maximum penalty for this offense is a prison term of not more than twenty years, and a fine of not more than $250,000. There would also be a period of supervised released after any prison term of not more than three years. There would be a $100 special assessment, and you would be deported. Do you understand that penalty?

THE DEFENDANT: Yes.

(Dkt 21, Plea Tr. at 3-4).

In light of these circumstances, the alleged omission of Balboa-Gallardo's trial attorney to again inform Balboa-Gallardo of the deportation penalty is not an omission outside the wide range of professionally competent assistance. Even if this Court were to determine that counsel's performance were outside that range, Balboa-Gallardo is not entitled to relief because he has not established a reasonable probability that counsel's performance affected the outcome of the plea process. Balboa-Gallardo has neither asserted nor demonstrated a reasonable probability that, but for counsel's errors, he would have insisted on going to trial. Therefore, under either the cause or prejudice prong, Balboa-Gallardo's ineffective-assistance-of-trial-counsel argument also fails and does not entitle him to relief under § 2255.

### III. CERTIFICATE OF APPEALABILITY

Having determined that Balboa-Gallardo's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability. *See Castro v. United States,* 310 F.3d 900, 901-03 (6th Cir. 2002). A certificate of appealability should issue if the movant has demonstrated

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Balboa-Gallardo's ineffective-assistance-of-counsel arguments under the *Slack* standard.

To warrant a grant of the certificate, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Balboa-Gallardo's ineffective-assistance-of-counsel arguments either debatable or wrong. Balboa-Gallardo failed to demonstrate that his counsel's performance prejudiced him in either of the ways he claimed. Therefore, the Court denies Balboa-Gallardo a certificate of appealability as to both issues presented.

### IV. CONCLUSION

For the foregoing reasons, this Court denies Balboa-Gallardo's § 2255 motion and denies a certificate of appealability as to each issue asserted. An Order consistent with this Opinion will be entered.

Date: October 16, 2012        /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge